IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-CR-441 |
| | : | |
| Plaintiff, | : | JUDGE J. PHILIP CALABRESE |
| | : | |
| v. | : | |
| | : | **MOTION FOR SENTENCE** |
| CHRISTOPHER PROWELL, | : | **REDUCTION PURSUANT TO** |
| | : | **AMENDMENT 821 & 18 U.S.C. 3582** |
| Defendant. | : | |

Christopher Prowell, through undersigned counsel, respectfully provides this Court with a supplement to his pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. Amendment 821 (eff. Nov. 1, 2023). United States Sentencing Guideline Amendment 821 amended §4A1.1(d), which prior to November 1, 2023, provided for an additional two criminal history points added to a defendant's criminal history score, when the instant federal offense was committed while the defendant was under a criminal justice sentence. Amendment 821, Part A eliminated the automatic addition of status points for defendants who have a total of six (6) or less criminal history points from prior countable convictions. Defendants with seven (7) or more criminal history points receive one (1) additional point for commission of the federal offense while under a criminal justice sentence. See, U.S.S.G. §4A1.1(e). This sentencing guideline amendment is retroactive, allowing Christopher Prowell to seek a sentence reduction motion.

Christopher Prowell meets the test for eligibility for a sentence reduction motion under 18 U.S.C. § 3582(c)(2), which provides:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c)(2). In a judgment dated February 23, 2022, this Court sentenced Chris Prowell to a term of 108 months for violations of 18 U.S.C. §2113(a), bank robbery, and 18 U.S.C. §1951 Hobbs Act offenses to be followed by a term of three (3) years of supervised released. Doc. #26, Amended Judgment. This sentence was based on a sentencing guideline range of 100 - 125 months, a total offense level of 27 and a Criminal History Category of IV.

Chris Prowell now requests that this Court reduce the sentence to 96 months, based on an amended sentencing guideline range of 87 - 108 months, as reflected by a total offense level of 27 and a Criminal History Category designation of III. Specifically, Mr. Prowell's criminal history score has been reduced from CHC IV to CHC III based upon application of the retroactive amendment to criminal history status points pursuant to U.S.S.G. Amendment 821, Part A. At his original sentencing, Mr. Prowell received six (6) criminal history points based upon prior convictions, and two (2) criminal history points for committing the federal offense while under a criminal justice sentence. The resulting eight (8) points placed Mr. Prowell at Criminal History Category IV. See, PSR at ¶¶ 68 – 70. Following Amendment 821, the status points added to Mr. Prowell's criminal history calculations have been eliminated, given the total criminal history score of six (6), CHC III. See, U.S.S.G. §4A1.1(e).

The Offense Level applicable to Mr. Prowell has not been affected by any amendment: therefore, the Offense Level remains at Level 27. Christopher Prowell now has a Criminal History Category designation of III in light of the six (6) criminal history points, based upon application of Amendment 821, Part A. The resulting sentencing guideline range is 87 - 108 months.

Christopher Prowell requests this Court grant his motion for sentencing reduction under 18 U.S.C. §3582(c) and impose a sentence of 96 months. Mr. Prowell requests this mid-range sentence based upon a similar range sentence imposed at the time of sentencing. According to the Bureau of Prisons' Inmate Locator, Mr. Prowell's current release date is April 25, 2031, and he is currently housed at FCI Miami in Miami, Florida.

For the foregoing reasons, Christopher Prowell respectfully requests a re-sentencing pursuant to 18 U.S.C. §3582(c)(2), and further requests this Court to impose a 96-month Guidelines sentence, with credit for time served, based upon the Amendment 821 changes to criminal history scoring, and the 18 U.S.C. §3553(a) factors as reflected in the Presentence Report, the sentencing memoranda filed on Mr. Prowell's behalf, and other factors presented at the time of his original December, 2021 sentencing hearing.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Vanessa Malone*
VANESSA MALONE, (OH0066230)
Office of the Federal Public Defender
Akron City Centre
50 South Main Street, Suite 700
Akron, Ohio 44308
Telephone: 330-375-5852
E-mail: vanessa_malone@fd.org