# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-CR-441 |
| Plaintiff, | : | JUDGE J. PHILIP CALABRESE |
| v. | : | |
| | : | **NOTICE OF UPDATE TO** |
| CHRISTOPHER PROWELL, | : | **MOTION FOR REDUCTION UNDER** |
| | : | **AMENDMENT 821 & 18 U.S.C. 3582** |
| Defendant. | : | |

Christopher Prowell, through undersigned counsel, respectfully provides this Court with an update to his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. Amendment 821 in anticipation of the hearing scheduled for October 15, 2024. This update is to provide the Court with Mr. Prowell's Summary Reentry Plan – Progress Report [Defense Exhibit A]; Mr. Prowell's FSA Recidivism Risk Assessment and Mr. Prowell's Inmate Discipline Data Record [Defense Exhibit B]. In addition, Mr. Prowell submits additional information concerning the service of the 108 month sentence and the consecutive 33 month revocation sentence, including the Bureau of Prisons' calculation of his custody credits.

A. **Personal Overview**

Christopher Prowell is 65 years of age and was sentenced to serve a 108 months sentence in the instant case, and was also ordered to serve a supervised release violation sentence of 33 months in Case No. 1:99-CR-288 before the Honorable Donald C. Nugent, on December 14, 2021. The Bureau of Prisons placed Mr. Prowell at FCI Miami, where he has a manager position in the prison's UNICOR program where they manufacture outerwear jackets for the military. Mr. Prowell has moved his way up in the manufacture of military jackets from sewer-apprentice to managing his work table,

where he is responsible for the quality of the products produced by the inmates working at his table, and the completion of their work product.

Christopher Prowell remains married to Ida Mae Prowell, who currently lives in Goodwater, Alabama, next door to their daughter, who is disabled and has two children. Mr. Prowell has another daughter who lives in Cleveland, Ohio. Mr. Prowell also has maintained his painting business, however his wife was forced to sell his work truck when she relocated back to Alabama after Mr. Prowell was convicted in this case. Mr. Prowell remains anxious to return to his painting business, which he held work contracts with a local realty company to paint home that the realtors had for sale. Mr. Prowell believes that he will be able to pick back up with his arrangement with the realty office once he has completed his sentence, and gain additional work painting houses.

B. **Sentence Overview**

Christopher Prowell was on supervised release in Case No. 1:99-CR-288, after having served 20 years for prior armed bank robbery offenses in violation of 18 U.S.C. §2113(a) & (d), and for brandishing a firearm in violation of 18 U.S.C. §924(c)(1). [Case No. 1:99-CR-288, R.13, Judgment]. Mr. Prowell was released from prison in March of 2019, when he began serving the term of supervised release. On March 24, 2021, Christopher Prowell was arrested by South Euclid, Ohio Police after robbing a Key Bank in that city. A supervised release violation warrant was issued by Judge Nugent in the 1999 case on March 25, 2021. The warrant was executed on May 21, 2021 by U.S. Marshals. [R.48, Arrest Warrant return, PageID #154]. Mr. Prowell has been in custody since his May 21, 2021 arrest, as he was ordered detained in this case on that date.

These dates are relevant in light of the Bureau of Prisons' application of custody credits, as is reflected on Mr. Prowell's Summary Reentry Plan, which reveals at what point the Bureau has begun to count Mr. Prowell's custody. [Defendant's Exhibit A]. As is apparent on the Summary Reentry Plan under the heading "Offenses and Sentences Imposed," the Bureau of Prisons has not provided

Mr. Prowell with any custody credits prior to his sentencing for the supervised release violation, which was entered on December 14, 2021. Because the supervised release sentence was first in order of sentencing, ie., prior to this Court's sentence of 108 months, imposed on December 20, 2021, that sentence controlled the BOP's calculations. When he was sentenced to 33 months for the violation in the 1999 case, Judge Nugent did not give credit for time served, as the dockets of the two cases appear to reflect primary custody was in the instant 2021 case, as nothing regarding his arrest or detention appears on the docket in the 1999 case prior to June of 2021. Therefore, Mr. Prowell has received no credit for the time he spent in custody from May 21, 2021, until December 14, 2021: seven months of custody have been lost due to the timing of the sentencings and the docketing of the violation warrant on the 1999 case, which did not occur until June 23, 2021.

Given the above facts, Mr. Prowell submits that this Court may be inclined to account for the lost seven months of custody, should the Court also find Mr. Prowell's Motion for Reduction under Amendment 821 to be well-taken. It is improbable that the Bureau of Prisons will provide Mr. Prowell with the custody credits, given the timing of the sentencing in the 1999 case and the fact that the 1999 case did provide the arrest warrant used to hold Mr. Prowell in custody on May 21, 2021. Therefore, instead of a sentence within the range of 87 – 108 months, or 96 months as requested in the Motion for Sentence Reduction, Mr. Prowell suggest that whichever sentence this Court deems appropriate be reduced by the seven months that Mr. Prowell served in pretrial custody prior to his December 14, 2021 sentence for the supervised release violation. See, U.S.S.G. §5G1.3(b)(1). This would be consistent with this Court's Judgment Order issued December 20, 2021, where the court recommended that Mr. Prowell receive credit for time served. [R.24, Judgment, PageID #126].

C.     **Conclusion**

For the foregoing reasons, Christopher Prowell respectfully requests a re-sentencing pursuant to 18 U.S.C. §3582(c)(2), and further requests this Court to impose a 96-month Guidelines sentence,

3

credit for time served pretrial which will not be credited by the Bureau of Prisons, and credit for time served through October 15, 2024, based upon the Amendment 821 changes to criminal history scoring, and the 18 U.S.C. §3553(a) factors as reflected in the Presentence Report, the sentencing memoranda filed on Mr. Prowell's behalf, the Motions filed on Mr. Prowell's behalf for Amendment 821 relief including this Update, and other factors presented at the time of his original December, 2021 sentencing hearing.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*s/ Vanessa Malone*
VANESSA MALONE, (OH0066230)
Office of the Federal Public Defender
Akron City Centre
50 South Main Street, Suite 700
Akron, Ohio 44308
Telephone: 330-375-5852
E-mail: vanessa_malone@fd.org